Kent Hammond, Esq., (SBN #015100)
**RUDOLPH & HAMMOND, LLC**
8686 E. San Alberto, Suite 200
Scottsdale, Arizona  85258
Telephone:    (480) 951-9700
Facsimile:     (480) 951-1185
kent@rudolphhammond.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kee B. Dick,<br><br>      Plaintiff<br><br>vs.<br><br>BNSF Railway Company, Individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company,<br><br>      Defendant. | No:<br><br>**COMPLAINT**<br><br>(Personal Injury Claims pursuant to the Federal Employers Liability Act 45 USC § 51 *et seq*)<br><br>**JURY TRIAL DEMANDED** |

   NOW COMES PLAINTIFF, by and through counsel, and for this action against the BNSF Railway Company, individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington

Northern Inc., and Burlington Northern Railroad Company, "Defendant Railroad", respectfully state:

1. Plaintiff Kee B. Dick is a resident of Winslow, Arizona, who worked for the Defendant Railroad and/or its predecessors from 1955-1990 as a laborer. He has been diagnosed with an occupational lung disease.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, BNSF Railway Company (Individually and as Successor-in-Interest to The Burlington Northern Santa Fe Railway Company, The Atchison Topeka & Santa Fe Railway Company, and Burlington Northern Railroad Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Arizona.

3. That during the course of Plaintiff's employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of their duties were in furtherance of and did closely, directly and substantially affect

interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

    4.   That during the course of Plaintiff's employment with the Defendant Railroad, he was engaged in the course of his employment performing his craft and in other various roles and capacities where he was required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, silicates and silica-containing products, diesel fumes, diesel exhaust, welding fumes, cleaning solvents, and others, which caused him to suffer severe and permanent personal injuries.

    5.   That at all times relevant, Plaintiff was unaware of the dangerous propensities of the dusts, fumes, vapors and toxins he was required to work with and around and was unaware of the cause of any latent abnormal medical condition.

COUNT I - NEGLIGENCE

    6.   Plaintiff re-alleges Paragraph 1-5 as if restated here verbatim.

7. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of exposure to dusts, fumes, vapors, toxins, and other hazardous materials;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained or produced hazardous dusts, fumes, vapors and toxins;

(f) in failing to provide Plaintiff with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to the dusts, fumes, vapors and toxins contained in such products;

(i) in requiring Plaintiff to work with and around ultra-hazardous products; and

(j) in failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to dusts, fumes, vapors, toxins and other hazardous substances.

8. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad, Plaintiff developed an occupational lung disease and as a result sustained injury to his body and respiratory system, resulting in pain and suffering, mental anguish, and progressive impairment and disability.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9. Plaintiff re-alleges Paragraphs 1-8 as if set forth herein verbatim.

10. That during the course of his employment and in the performance of his duties with the Defendant Railroad, Plaintiff

worked with, came into contact with, and was physically struck with hazardous dusts, fumes, vapors and toxins, including asbestos fibers and other toxic substances.  Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins occurred directly with his clothing, skin, mouth, nose, and respiratory and digestive tract.

11.     That Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins have manifested in the form of occupationally-related injuries to Plaintiff.

12.     That Plaintiff has been informed by physicians that as a result of his employment with the Defendant Railroad, they are at a significantly increased risk for the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas.  Further, his expected life span has been greatly diminished.

13.     That, as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiff has suffered mental anguish, distress and a decreased ability to enjoy life.

**<u>DAMAGES COMMON TO ALL COUNTS</u>**

14. That as a result of the Defendant Railroad's negligent actions as are described above, Plaintiff has suffered pain, nervousness and mental anguish. Plaintiff will be forced to suffer the same for the remainder of his life and his enjoyment of life has been greatly reduced. Also as a result of the Defendant Railroad's negligent acts and omissions, Plaintiff's expected life span has been greatly shortened.

15. As a result of his health problems, Plaintiff has been forced to incur medical expenses by way of doctor, hospital and drug bills. Plaintiff will be forced to incur additional, similar expenses in the future in an effort to treat his permanent and progressive condition.

16. Further, Plaintiff will incur medical expenses necessary to monitor his permanent and progressive condition, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat his condition, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

DATED this ___ day of March, 2011.

                                                RUDOLPH & HAMMOND, LLC

                                               By  /s/ Kent Hammond
                                               Kent Hammond, Esq.
                                               Attorneys for Plaintiff